# Richmond

## NORMAN FAIRFAX v. COMMONWEALTH OF VIRGINIA.

February 24, 1941.

Record No. 2372.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*Charles Pickett* and *James Keith,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *G. Stanley Clarke, Assistant Attorney-General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

This case began with a search warrant of date March 30, 1940, authorizing any police officer to search a certain frame dwelling in Fairfax county. This warrant was issued by C. C. Carr, J. P. On March 31, Walter T. Oliver, Jr., issued another warrant, which contains this recitation:

"WHEREAS, complaint has been made on oath to me, the undersigned justice of the peace for the county aforesaid, on the information of R. C. Diedrich that on the 30 day of March, 1940, in the county aforesaid, Norman Fairfax did unlawfully have in his possession ardent spirits after an Order of Interdiction had been issued against him forbidding the possession of any alcoholic beverage for a period of one year, said order having been entered on Nov. 22, 1939. * * * "

Under it search was made by Carl McIntosh, himself an officer. He tells us what was found:

"We raided the place on March 30th somewhere after nine o'clock that night—between nine and ten. Norman Fairfax was there and a fellow by the name of Dillon was sitting in the house. We told him we wanted to look the house over and he said, 'All right.' We found four pints of whiskey in a little closet in the kitchen in paper bags. The closet next to the bedroom was locked. I un-

locked that and there were twenty-two pints of whiskey in that place; so we arrested him and brought the whiskey and him up here to Fairfax."

Fairfax was tried and convicted on April 16, 1940, by A. C. Ritchie, trial justice of Fairfax county, the judgment of the justice being: "I do adjudge that he (Norman Fairfax) be confined in the jail of the county of Fairfax for one year and pay a fine of $100.00 and $12.75 costs." From that judgment the defendant appealed to the circuit court of Fairfax county. A jury was impaneled, evidence was introduced, instructions were given, and this verdict was then rendered:

"We, the jury, find the defendant guilty, fine of $250.00 and 60 days in jail."

It was confirmed by the court.

In various appropriate ways it was charged that this verdict was unsustained by evidence. Motions to this effect were made and overruled. Resort was then had to this court, and so its sufficiency is now before us on a writ of error.

This frame dwelling belongs to Mrs. Fairfax; she inherited it from her father. The whiskey found upon the premises was purchased by her from an A. B. C. store, and, so far as the record shows, with her own money. When the defendant was arrested he said to the officer that he was not in charge of the house. The four pints of whiskey in the closet in the kitchen were not under lock and key; the twenty-two pints in the closet, next to the bedroom, were. Mrs. Fairfax was not at home when the raid was made. She further said that the four pints of whiskey not under lock were left unlocked by her oversight; it had not been tampered with, and neither the accused nor Dillon had been drinking.

The Commonwealth relies upon these facts to sustain this conviction: Mr. Fairfax was tried on November 22, 1939. He was charged with the illegal sale of whiskey, pleaded guilty to the sale of one pint, and was convicted. Upon the occasion of the first arrest fifty-two pints of liquor were found in the house. Just who then claimed

it is not clear. As a part of the sentence then imposed the accused was forbidden the possession of alcoholic beverages for a period of one year from November 22, 1939. Reliance is also placed upon the fact that a husband is supposed to be the head of the home.

█ It is true that the husband is supposed to be at the head of the house, but this presumption is often honored in the breach and may be rebutted by evidence of an uncontradicted witness when it is not inherently improbable, although the witness be interested or even a defendant.

"In theory, in Virginia, the husband is the head of the family, and is the director of its domestic affairs; but, in fact, the contrary is often true. The theory may be rebutted and the fact shown." *Sutherland* v. *Commonwealth,* 171 Va. 485, 198 S. E. 452; *Spratley* v. *Commonwealth,* 154 Va. 854, 152 S. E. 362; *Commonwealth* v. *Rutherfoord,* 160 Va. 524, 169 S. E. 909, 90 A. L. R. 348.

In *Spratley* v. *Commonwealth, supra* (154 Va. 854, 152 S. E. 365), Mr. Justice Epes said:

█ "While the jury is the judge of both the weight of the testimony and the credibility of witnesses, it may not arbitrarily or without any justification therefor give no weight to material evidence, which is uncontradicted and is not inconsistent with any other evidence in the case, or refuse to credit the uncontradicted testimony of a witness, even though he be the accused, whose credibility has not been impeached, and whose testimony is not either in and of itself, or when viewed in the light of all the other evidence in the case, unreasonable or improbable, and is not inconsistent with any fact or circumstance to which there is testimony or of which there is evidence. There must be something to justify the jury in not crediting and in disregarding the testimony of the accused other than the mere fact that he is the accused, or one of them."

See also, *Chesapeake & Ohio Railway Co.* v. *Martin,* 283 U. S. 209, 51 S. Ct. 453, 75 L. Ed. 983, reversing

*Chesapeake & Ohio Railway Co.* v. *Martin,* 154 Va. 1, 143 S. E. 629, 152 S. E. 335.

The presence of this liquor in the home is undoubtedly a suspicious circumstance but of itself it is not enough.

"The presence of liquor upon the premises of the owner or occupant is not sufficient, in the absence of statute, to overcome the presumption of innocence. Its presence does not measure up to a standard of presumptive evidence of guilt. It is merely evidence of a circumstance tending to show guilt, and it is to be considered by the jury and given such weight as they may deem proper in connection with other pertinent and material facts and circumstances in the case. It may bear a natural relation to the fact that the owner or occupant of the land had knowledge of its existence; but it is only an evidential fact and not a *prima facie* presumption. The possession contemplated by the statute as a crime is a guilty possession. He must have a connection with the ownership." *Sutherland* v. *Commonwealth, supra.*

So far as the record shows, Mrs. Fairfax has been guilty of no offense; she bought liquor in a lawful way and took it to her inherited home. She kept it under lock and key and kept the key, with the exception of four pints which she, according to her testimony, carelessly failed to lock up with the twenty-two pints put away. This, without more, certainly does not make the husband guilty. It may readily be conceded that the fact of his former convictions and of the liquor stored in his home now tends to cast suspicion upon him; but these facts are not sufficient to overcome the presumption of innocence or to prove his guilt beyond a reasonable doubt. Something more than suspicion or bad character is necessary, or both. Proof of guilt must be established by positive evidence or by circumstances which admit of no other reasonable explanation. Of course, both may be present and they may supplement each other. It follows that the judgment of the trial court must be set aside and the prosecution dismissed.

*Reversed.*