## Norfolk

ROBERT CECIL HARRELL

v.

COMMONWEALTH OF VIRGINIA

No. 0541-88-1

Decided September 4, 1990

COUNSEL

Michael A. Robusto (Slipow & Robusto, P.C., on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Robert Cecil Harrell was convicted in a bench trial for malicious assault and battery while acting as a member of a mob, in violation of Code § 18.2-41. He was sentenced to

seven years in the penitentiary. He contends that the evidence was insufficient to prove that he and the people involved in the fray constituted a "mob" as defined in Code § 18.2-38, which requires that the group be "assembled for the purpose and with the intention of committing an assault or a battery." We find that the circumstantial evidence failed to establish beyond a reasonable doubt that the group of persons were at the time of the battery assembled as a mob with a purpose and intention of committing an assault or battery. Therefore, because the Commonwealth failed to meet its burden of proving a chain of circumstances excluding all reasonable conclusions inconsistent with guilt, Harrell's conviction must be reversed. *Craig v. Commonwealth*, 215 Va. 260, 261, 208 S.E.2d 744, 745 (1974); *Harward v. Commonwealth*, 5 Va. App. 468, 478-79, 364 S.E.2d 511, 516 (1988); *see Corbett v. Commonwealth*, 210 Va. 304, 306-07, 171 S.E.2d 251, 253 (1969).

■ We review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom, and we resolve all conflicts in the evidence in the Commonwealth's favor. *Hamilton v. Commonwealth*, 177 Va. 896, 903, 15 S.E.2d 94, 97 (1941); *Dickerson v. City of Richmond*, 2 Va. App. 473, 478, 346 S.E.2d 333, 336 (1986). On the evening of June 15, 1987, around midnight, Jerome Pattenaude was awakened by a boisterous and unruly crowd of about twenty persons who were congregated in small groups in the street outside his suburban home. A party at a neighbor's house had ended, and some of those in attendance lingered in the neighborhood. Pattenaude observed members of the crowd throw objects, urinate in public, and prowl suspiciously through neighboring backyards. He called the police.

When the police did not respond, Pattenaude went to the crowd to ask them to move along. As he approached, he saw someone in the crowd strike a man with a bicycle, knocking the man to the ground. He recognized the man who was struck as Brad Metheny, a neighbor. Pattenaude stepped in, took hold of the bicycle, and began talking with members of the crowd. He was able to conciliate them, and they appeared receptive to his request that they leave.

One unidentified individual, however, began yelling for Pattenaude to let go of the bicycle. This individual crossed the street to Pattenaude's house and began bending his mail box back

and forth, attempting to break it off, while at the same time threatening to bludgeon Pattenaude to death with it. As Pattenaude started back across the street to his residence, Harrell struck Pattenaude in the abdomen with a club. The blow ruptured Pattenaude's spleen.

At this point, Pattenaude and Metheny, who were aiding each other, retreated to Pattenaude's residence while being pursued by five or six unidentified individuals from the crowd. On reaching the front porch, Pattenaude's wife opened the door and announced that the police had been summoned, whereupon the pursuing group dispersed.

Metheny did not testify, and no explanation was given for his absence or for the failure of other persons who were present at the incident to testify. The only evidence which established what occurred with the people who had congregated in the street before Metheny was attacked came from Harrell's testimony and from the earlier out-of-court account he gave to the investigating officer. Harrell's testimony and earlier account were conflicting in many respects. The uncontradicted aspects of his version of what occurred were that individuals were lingering in the street after the party when Metheny approached them, demanded that they leave, made threatening remarks, and displayed a knife. At that point, blows were exchanged and several individuals, including Harrell, hit Metheny. Harrell admitted that he was the person who struck Metheny with the bicycle, but he denied any involvement after he hit Metheny. Harrell contended that these actions were taken in self defense against Metheny.

The trial court sustained a motion to strike the evidence as to the indictment against Harrell for a mob battery of Metheny. The trial court found the evidence that Harrell struck Metheny with the bicycle insufficient to make out a *prima facie* case that Harrell was acting as a member of a mob when he struck Metheny with the bicycle. The trial court ruled that the evidence was uncontradicted of the group's benign purpose and non-mob intentions as to Metheny.

At the time and at trial, Pattenaude positively identified Harrell as his assailant. The trial court denied Harrell's motion to strike the evidence on the charge that he assaulted and battered Pattenaude while part of a mob, finding that the group's unpro-

voked pursuit of Pattenaude after Harrell had struck him with the club was evidence of "mob" action. The trial court found Harrell's attack on Pattenaude to be a malicious assault and battery while a member of a mob.

When the evidence is viewed in the light most favorable to the Commonwealth, it appears beyond a reasonable doubt that Harrell committed an egregious, unprovoked, and reprehensible battery upon Pattenaude. Nevertheless, the constitutional necessity that every element of an offense be proven beyond a reasonable doubt in order to convict is not confined to those who are morally blameless. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). The state may not accuse a person of one crime and convict him by proving another, unless the offense is a lesser included one of that charged. Here, Harrell was indicted for violating Code § 18.2-41, which has as one of the elements that the accused acted while a member of a "mob" as defined by Code § 18.2-38. The fact that the evidence was arguably sufficient to sustain a conviction of Harrell for malicious assault and battery under Code § 18.2-51 on the basis that he was the person who assaulted Pattenaude does not justify a conviction unless all of the elements of the offense have been proven. The fact that a conviction for malicious assault and battery under Code § 18.2-51 is a Class 3 felony and being a member of a mob who commits a malicious assault and battery is also a Class 3 felony is inconsequential. To sustain the conviction for the crime for which Harrell was charged, the evidence must establish beyond a reasonable doubt that when Harrell maliciously battered Pattenaude, he was a member of a mob that was assembled for the purpose and with the intention to commit an unlawful assault or battery.

The statutory definition of a mob requires that the act of assembling be done for a specific purpose and with a specific intent — to commit an assault or a battery without lawful authority. Code § 18.2-38.

[W]here a statute makes an offense consist of an act combined with a particular *intent*, such *intent* is as necessary to be proved as the act itself, and it is necessary for the intent to be established as a matter of fact before a conviction can be had. Surmise and speculation as to the existence of the intent are not sufficient, and "no intent in law or mere legal

presumption, differing from the intent in fact, can be allowed to supply the place of the latter."

*Dixon v. Commonwealth*, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955) (quoting *Thacker v. Commonwealth*, 134 Va. 767, 770, 114 S.E. 504, 505 (1922)). The Commonwealth "must prove beyond a reasonable doubt *both* the act and [the] mental state. Sufficient proof of one element, but not the other, will result in reversal." *Dickerson*, 2 Va. App. at 477, 346 S.E.2d at 335. Intent or mental state is subjective, but it may, and usually must, be proven objectively from the circumstances. *Whitley v. Commonwealth*, 223 Va. 66, 73, 286 S.E.2d 162, 166, *cert. denied*, 459 U.S. 882 (1982). Here, we are concerned not just with the subjective intention of the individual, Harrell, but with whether the group assembled and collectively formed with a purpose and intention to assault and batter any person. Code § 18.2-38.

█ Not every incidence of group violence or assaultive conduct which involves a number of people collectively involved in assaultive conduct constitutes a "mob" assault and battery. In order for group behavior by individuals to become mob behavior, thereby making "[a]ny and every person composing a mob" culpable for the criminal acts of the other mob members, the group must have "assembled for the purpose and with the intention of committing an assault or a battery upon any person." Code § 18.2-38. The criterion which distinguishes individual behavior while part of a group from "mob" behavior is assembling for the specific purpose and with the specific intent of committing an assault and battery upon any person. That is not to say that the purpose for which the group initially came together must have been for the purpose of committing an assault and battery before a "mob" may be said to have "assembled." It is possible that individuals who are lawfully assembled may become members of a "mob" without great deliberation and for them to become part of a group which is moved or controlled by those impulsive and irrational forces which perpetuate mob violence. For a group of persons lawfully gathered for whatever purpose to "assemble" as a mob within the intendment of Code § 18.2-38, they need only to collectively band together with the common purpose and intention of committing an assault and battery upon a person. Whether a group of individuals has been so transformed into a "mob" depends upon the circumstances; no particular words or express

agreements are required to effect a change in a group's purpose or intentions. Events or emotionally charged circumstances suddenly may focus individuals toward a common goal or purpose without an express or stated call to join forces.

Whether such an assembly with a common purpose has occurred is critical for the following reason: once the group assembled comprises a mob, if the assault or battery which is committed is a simple assault or battery, then because of Code § 18.2-57, every person composing the mob becomes criminally culpable even though the member may not have actively encouraged, aided, or countenanced the act. Thus, criminal accountability flows from being a member of the mob, regardless of whether the member aids and abets in the assault and battery. The characterization of the group action as the act of a mob has added significance because not only did it affect the class of felony for which Harrell could have been convicted, but also meant that he could have been convicted even if the jury had believed that a person other than Harrell had struck Pattenaude with the club. Therefore, the question of whether the evidence was sufficient to establish that this was a mob offense is significant as to both the theory of guilt and the class of felony for which Harrell was prosecuted.

The distinction between the acts of individuals and those of a mob is important also in respect to the level of punishment. Simple assault or battery is a Class 1 misdemeanor whether committed individually, Code § 18.2-57, or by a mob. Code § 18.2-42. However, a distinction is made in the level of punishment for unlawful wounding. If committed by an individual, unlawful wounding is punishable as a Class 6 felony, Code § 18.2-51, whereas if committed by a mob, it is punishable as a Class 3 felony, the same as a malicious wounding by an individual, Code § 18.2-41. Thus, in a mob prosecution, an individual can be convicted for the criminal acts of others and be punished with a more severe sentence, liabilities to which he would not be subjected in the absence of mob conduct. In this appeal, Harrell does not challenge the sufficiency of the evidence to prove that Pattenaude was maliciously wounded when he was struck with such force as to injure his spleen. He does challenge the sufficiency of the evidence to prove that Pattenaude was wounded by a member of a mob as defined by Code § 18.2-41. Thus, even though the evidence might have been sufficient to prove that Harrell was the member of the group

who battered Pattenaude, a Class 3 felony of malicious wounding or a Class 6 felony of unlawful wounding under Code § 18.2-51, he argues that the evidence was insufficient to sustain a conviction under Code § 18.2-41 and perhaps a Class 6 felony for unlawful wounding because the Commonwealth failed to prove the additional element that when Harrell committed the battery, he was a member of a mob assembled with a purpose and intention of committing an assault and battery. Code § 18.2-38. The uncontradicted evidence established that the group assembled to attend a neighborhood party, after which many congregated in a boisterous gathering in the street nearby, lingering there for over two hours after the party ended around 9:30 p.m. and before the confrontation with Metheny and Pattenaude.

Although Harrell's benign account of the group's purpose and intent between the party and the confrontation was uncontradicted and unimpeached, the trier of fact did not have to accept this version of the facts simply because it was the only version supplied. *Crumble v. Commonwealth*, 2 Va. App. 231, 236, 343 S.E.2d 359, 362 (1986). Although the trier of fact may not arbitrarily disregard or discredit a defendant merely because he is the accused, *Fairfax v. Commonwealth*, 177 Va. 824, 828, 13 S.E.2d 315, 316 (1941), regardless whether he or she is impeached or his or her evidence is contradicted, the trier of fact is entitled to accord the defendant's evidence such credence and weight as it is logically and reasonably entitled to receive in view of the circumstances. *See Blount v. Commonwealth*, 213 Va. 807, 809, 195 S.E.2d 693, 695 (1973); *Mullis v. Commonwealth*, 3 Va. App. 564, 571, 351 S.E.2d 919, 923 (1987). If the circumstances were sufficient to prove that Harrell and others assembled for the purpose and with the intent of assaulting other people, rather than acting as individuals all involved in a fray, the trial court could properly have disbelieved Harrell's account of what occurred and found him to be a mob member. *See Chesson v. Commonwealth*, 216 Va. 827, 832, 223 S.E.2d 923, 926-27, *cert. denied*, 429 U.S. 927 (1976). Regarding the sufficiency of this finding, "[i]f the proof relied upon by the Commonwealth [to prove a necessary element] is wholly circumstantial, as it is here, then to establish guilt beyond a reasonable doubt all the necessary circumstances proved must be consistent with guilt and inconsistent with innocence." *Harward v. Commonwealth*, 5 Va. App. at 478-79, 364 S.E.2d at 516; *Inge v. Commonwealth*, 217 Va. 360, 366, 228 S.E.2d 563,

567 (1976). To accomplish this proof and overcome the presumption of innocence, the evidence as a whole must exclude all reasonable conclusions inconsistent with guilt. *Moss v. Commonwealth*, 211 Va. 729, 731, 180 S.E.2d 535, 537 (1971); *Craig v. Commonwealth*, 215 Va. at 261, 208 S.E.2d at 745; *Huntt v. Commonwealth*, 212 Va. 737, 740, 187 S.E.2d 183, 186 (1972).

■ Although the evidence established that Harrell was a member of an already assembled group when Pattenaude approached, the Commonwealth must prove that at some point the group or some of its members "assembled" for the purpose and with the intention of assaulting other people. The bald fact of their assemblage "must be coupled with the evidence of other circumstances tending to reasonably exclude the hypothesis," *Turner v. Commonwealth*, 218 Va. 141, 146, 235 S.E.2d 357, 360 (1977), that the group was not a mob. The facts or circumstances must be sufficient from which the trier of fact could reasonably conclude that this was not a situation in which individual members of a group were independently reacting adversely and violently to the efforts by the residents to disperse them from the neighborhood. The circumstantial evidence necessary to prove that a group assembled with a common purpose and intent to commit an assault and battery does not have to be completely independent of proving the original purpose for which the group assembled and how they behaved thereafter. *See id.* The evidence which proves that a group assembled as a mob may consist solely of proof that characterizes the purpose, circumstances or the setting of the group's initial assemblage. *See id.* Thus, proof of the original purpose may be probative or may conclusively establish that persons initially assembled as a mob. Furthermore, proof of what transpired after the original assemblage, when considered in relation to the purpose for which the persons were present, may establish that persons gathered for a lawful purpose "assembled" as a mob.

■ In this case, even if Harrell's evidence is disbelieved, there is no evidence to support a finding that the group "assembled" for the purpose or with the intention of assaulting or battering either Metheny or Pattenaude. The fact that Metheny and Pattenaude were assaulted by members of a group does not alone prove that they were assembled for that purpose and with that intent. Pattenaude testified that when he spoke to the group they were calm and receptive to him, with the exception of one individual.

His evidence belies any indication that the individuals had been transformed into a mob or of any mob intent on the part of the group moments before he was struck with a club by Harrell. One belligerent individual complaining about the seizing of his bicycle does not constitute a mob. "[W]e cannot on review disregard credible, unimpeached evidence of the Commonwealth which exculpates the defendant and creates a reasonable doubt." *Harward v. Commonwealth*, 5 Va. App. at 479, 364 S.E.2d at 516.

■ The Commonwealth points to the fact that Harrell observed the battery of Metheny as a circumstance tending to show that Harrell thereafter joined forces with another to assault those who would interfere with their revelry. The Commonwealth further argues that events which occurred after Pattenaude was assaulted, in which several members of the group advanced toward Metheny and Pattenaude, causing them to retreat to Pattenaude's residence, was further evidence of collective action showing a joint purpose and intention. However, "where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him." *Corbett*, 210 Va. at 307, 171 S.E.2d at 253. Given the fact that the group was peaccable when Pattenaude stepped in, the fact that one person struck Metheny in no way established that they came together as a mob. There is no chain of circumstances establishing, "to the exclusion of any other rational hypothesis and to a moral certainty," that after Metheny was struck the assault on Pattenaude was any more than an offense committed by one aggressive individual from among a boisterous crowd. *Craig v. Commonwealth*, 215 Va. at 261, 208 S.E.2d at 745. As to the subsequent pursuit of Pattenaude and Metheny, that circumstance is relevant and was properly considered by the court along with other factors to decide whether the people had formed a mob moments before with the requisite purpose and intent to assault Pattenaude. However, these additional circumstances prove no more than that several individuals in a group forcibly, and even criminally, resisted efforts by others to disperse the boisterous crowd. This evidence is equally, if not more, susceptible to the construction that these were acts of individuals involved in a fray, rather than acts of a mob assembled for a criminal purpose.

While the conduct of Harrell was reprehensible and may have been felonious in violation of Code § 18.2-51, the Commonwealth did not put before the fact finder evidence which established beyond a reasonable doubt the element of the crime that the group was a "mob" at the time Harrell battered Pattenaude. The conclusion that the group was assembled with mob intent was speculation, the evidence being reasonably susceptible to the interpretation that this was a group of individuals assembled for a lawful purpose, from which group one or more individuals committed criminal acts. Thus, not every element of the crime charged has been proven. The defendant's conviction is reversed.

*Reversed.*

Koontz, C.J., and Baker, J., concurred.