COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Senior Judge Hodges
Argued at Norfolk, Virginia


SAMUEL WYNN

MEMORANDUM OPINION[*] BY
v.  Record No. 1804-93-1      JUDGE JAMES W. BENTON, JR.
                                      JUNE 20, 1995
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                   Nelson T. Overton, Judge

          Lyn M. Simmons for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Samuel Wynn was convicted of three violations of Code
§ 18.2-41 for being a member of a mob which injured with the
intent to maim Barbara Steele, Steven Forrest, and Lori Clark.
He was also convicted of two violations of Code § 18.2-42 for
being a member of a mob which assaulted Dennis Clark and Robert
Wilkes.  Wynn contends on appeal that the evidence was
insufficient to prove that either a mob existed or that, even if
a mob existed, he was a member of a mob.  Because we agree that
the Commonwealth failed to prove beyond a reasonable doubt that
Wynn was a part of a mob, we reverse his convictions.

                              I.

     The evidence proved that at 11:30 p.m. on February 13, 1993,
Wynn arrived at Circle Lanes Bowling Alley and began bowling with

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

five of his high school friends, including Allen Iverson and Michael Simmons.  They bowled in lanes nine and ten.  The bowling alley was very busy and crowded that evening.

At midnight, Iverson was in the area of the snack bar.  Near the snack bar, a group from Poquoson, Virginia was bowling.  The bowlers from Poquoson had arrived at 7:30 p.m. and were bowling on lanes twenty-nine and thirty.  This group included Steven Forrest, Lori Clark, and four other persons.  As Iverson stood nearby, the Poquoson bowlers, with the exception of one who was bowling, were sitting at a table in front of the snack bar drinking beer.

Dennis Clark, who was bowling two lanes away with Barbara Steele, Robert Wilkes and two other people, testified that he saw a "confrontation between a white male [, Forrest] and a black male [, Iverson]."  He could not hear the conversation and did not see them touch each other.  He said both men initially were sitting at a table.  He then saw Iverson standing about three feet from Forrest.  Clark testified that he did not continue to watch the men.  Shortly after he sat down and was facing his bowling lane with his friends, he saw "twenty to thirty" black males throwing chairs and moving from lower numbered lanes toward the higher numbered lanes.  During the ensuing brawl Clark was struck in the head with a chair.

Forrest testified that Iverson was six feet away and then approached within two or three feet of their table cursing at

them without cause. He testified that when he stood to tell Iverson that they "had no problem with him," Iverson backed away from him. Forrest testified that as Iverson stepped back someone other than Iverson hit him on the head. Forrest said that when he turned to see who hit him he saw approximately twenty-five persons coming from the other end of the bowling area. He said that most of the people were running as they approached and some were walking at a fast pace. Forrest said he and his friends were attacked and chairs were thrown. Forrest also testified that at the height of the ensuing fight "most of the people involved were throwing chairs," including himself and his friends.

Lori Clark testified that as soon as Forrest stood Simmons ran from the control counter area and struck Forrest with his fist on the back of the head. She testified that Simmons then "faded back . . . he didn't stick around." When the fighting began, Clark was struck by a chair and injured. After she was hit by a chair, she threw a chair. She did not know who hit her.

Barbara Steele, who was bowling in lane twenty-seven with Dennis Clark, testified that the bowling alley was very crowded. She noticed a "commotion going on" near the lane where she was bowling. She testified that when she saw people moving toward the commotion she went to Iverson and asked "why does this have to be racial." Later during the brawl she was hit by a chair and received a laceration on her head. She was unable to identify

her assailants.

Robert Wilkes, who was bowling with Clark and Steele in the lanes near the Poquoson group, saw Iverson and Forrest standing and they "weren't exactly exchanging pleasantries." During the discussion, which he could not hear, he saw a person other than Iverson punch Forrest. Shortly afterwards, a brawl began and people began throwing chairs. As Wilkes went to assist one of his friends he was knocked unconscious.

Two employees of the bowling alley testified that after the argument occurred between Forrest and Iverson they saw Wynn run from the low numbered lanes to the high numbered lanes. During the brawl, one of them saw Wynn throw several chairs.

Derrick Savage, who bowled with Wynn, was a witness for the Commonwealth. Savage testified that he was in the restroom when he heard "someone screaming, fight" and heard people running. When he came out and stood by the door, Wynn came over to leave. As they were leaving a chair was thrown near them. Wynn threw the chair back and left the bowling alley with him.

Wynn testified that he was removing his bowling shoes and getting ready to leave when he heard someone say, "fight, fight," and saw people running toward the snack bar. Wynn testified that he "[w]alk[ed] real fast" in order to see what was happening. He also testified that he then was hit with a chair and said he threw a chair back at the person who had just hit him with a chair. He testified that he then left the bowling alley.

- 4 -

Code § 18.2-41 provides that "[a]ny and every person composing a mob which shall maliciously or unlawfully shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disable, disfigure or kill him, shall be guilty of a Class 3 felony."  In addition, Code § 18.2-42 provides that "[a]ny and every person composing a mob which shall commit a simple assault or battery shall be guilty of a Class 1 misdemeanor."  Mob is defined as "[a]ny collection of people, assembled for the purpose and with the intention of committing an assault or a battery upon any person and without authority of law."  Code § 18.2-38.

The Commonwealth argues that the evidence proved that a mob had formed.  However, we need not decide this question because even if the evidence proved that some of the people in the bowling alley assembled in a manner to constitute a mob, no evidence proved that Wynn was a member of that mob.  Assuming arguendo that a mob had formed, the Commonwealth had the burden of proving beyond a reasonable doubt that Wynn "was a member of a mob that was assembled for the purpose and with the intention to commit an unlawful assault or battery."  Harrell v. Commonwealth, 11 Va. App. 1, 6, 396 S.E.2d 680, 682 (1990).

Reviewing the evidence in the light most favorable to the Commonwealth, the testimony proved that Wynn was seen moving to the area where Simmons punched Forrest as Forrest and Iverson

exchanged words. Although Wynn admits that he threw a chair, the evidence proved that after the fight began many people threw chairs, including people who the Commonwealth concedes were not part of the mob. Thus, the fact that Wynn threw chairs does not prove beyond a reasonable doubt that he was acting as part of a mob.

"Not every incidence of group violence or assaultive conduct which involves a number of people collectively involved in assaultive conduct constitutes a 'mob' assault and battery." Harrell v. Commonwealth, 11 Va. App. 1, 7, 396 S.E.2d 680, 683 (1990). If the evidence merely proved that individuals were "independently reacting adversely and violently" to a situation, the proof will not suffice to establish that the individuals were part of a mob. Id. at 10, 396 S.E.2d at 684.

Although a brawl ensued after the patrons of the bowling alley watched Iverson argue with Forrest and Simmons punch Forrest, no evidence proved that Wynn joined in any mob that may have formed. "This evidence is equally, if not more susceptible to the construction that [his conduct was] acts of [an] individual[] involved in a fray, rather than acts of a mob assembled for a criminal purpose." Id. at 11, 396 S.E.2d at 685.

Although the evidence would have been sufficient to prove individual assaultive conduct, it was insufficient to prove beyond a reasonable doubt that Wynn acted as a part of a mob. Therefore, the convictions are reversed and the case is remanded

to the circuit court for such further action as the Commonwealth may be advised.

<u>Reversed and remanded</u>.
