COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Senior Judge Hodges
Argued at Norfolk, Virginia


MICHAEL SIMMONS
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 1805-93-1            JUDGE JAMES W. BENTON, JR.
                                          JUNE 20, 1995
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                        Nelson T. Overton, Judge

              Lyn M. Simmons for appellant.

              Robert H. Anderson, III, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.



     Michael Simmons was convicted of three violations of Code

§ 18.2-41 for being a member of a mob which injured with the

intent to maim Barbara Steele, Steven Forrest, and Lori Clark.

He was also convicted of two violations of Code § 18.2-42 for

being a member of a mob which assaulted Dennis Clark and Robert

Wilkes.  Simmons contends on appeal that the evidence was

insufficient to prove that either a mob existed or that, even if

a mob existed, he was a member of a mob.  Because we agree that

the Commonwealth failed to prove beyond a reasonable doubt that

Simmons was a part of a mob, we reverse his convictions.

                                I.

     The evidence proved that at 11:30 p.m. on February 13, 1993,

Simmons arrived at Circle Lanes Bowling Alley and began bowling

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

with five of his high school friends, including Allen Iverson and Samuel Wynn. They bowled in lanes nine and ten. The bowling alley was very busy and crowded that evening.

At midnight, Iverson was in the area of the snack bar. Near the snack bar, a group from Poquoson, Virginia was bowling. The bowlers from Poquoson had arrived at 7:30 p.m. and were bowling on lanes twenty-nine and thirty. This group included Steven Forrest, Lori Clark, and four other persons. As Iverson stood nearby, the Poquoson bowlers, with the exception of one who was bowling, were sitting at a table in front of the snack bar drinking beer.

Dennis Clark, who was bowling two lanes away with Barbara Steele, Robert Wilkes and two other people, testified that he saw a "confrontation between a white male [, Forrest] and a black male [, Iverson]." He could not hear the conversation and did not see them touch each other. He said both men initially were sitting at a table. He then saw Iverson standing about three feet from Forrest. Clark testified that he did not continue to watch the men. Shortly after he sat down and was facing his bowling lane with his friends, he saw "twenty to thirty" black males throwing chairs and moving from lower numbered lanes toward the higher numbered lanes. During the ensuing brawl Clark was struck in the head with a chair.

Forrest testified that Iverson was six feet away and then approached within two or three feet of their table cursing at

them without cause.  He testified that when he stood to tell Iverson that they "had no problem with him," Iverson backed away from him.  Forrest testified that as Iverson stepped back someone other than Iverson hit him on the head.  Forrest said that when he turned to see who hit him he saw approximately twenty-five persons coming from the other end of the bowling area.  He said that most of the people were running as they approached and some were walking at a fast pace.  Forrest said he and his friends were attacked and chairs were thrown.  Forrest also testified that at the height of the ensuing fight "most of the people involved were throwing chairs," including himself and his friends.  He testified that Simmons hit him with a chair.

Lori Clark testified that as soon as Forrest stood Simmons ran from the control counter area and struck Forrest with his fist on the back of the head.  She testified that Simmons then "faded back . . . he didn't stick around."  When the fighting began, Clark was struck by a chair and injured.  After she was hit by a chair she threw a chair.  She did not know who hit her.

Barbara Steele, who was bowling in lane twenty-seven with Dennis Clark, testified that the bowling alley was very crowded.  She noticed a "commotion going on" near the lane where she was bowling.  She testified that when she saw people moving toward the commotion she went to Iverson and asked "why does this have to be racial."  She also testified that she saw Simmons nearby. She did not see Simmons do anything.  Later she was hit by a

chair and received a laceration on her head.  She was unable to identify her assailants.

Robert Wilkes, who was bowling with Clark and Steele in the lanes near the Poquoson group, saw Iverson and Forrest standing and they "weren't exactly exchanging pleasantries."  During the discussion, which he could not hear, he saw a person other than Iverson punch Forrest.  Shortly afterwards, a brawl began and people began throwing chairs.  As Wilkes went to assist one of his friends he was knocked unconscious.

Simmons testified in his defense that he and his friends arrived at 10 p.m.  Around midnight, Iverson went to get food.  As Simmons was bowling, he saw Iverson and Forrest "gesturing back and forth."  Although he could not hear them, he surmised "[t]hat something might break out if somebody didn't separate them."  He testified that he ran to "get Iverson out of there."  He further testified that as he got close to them he saw Forrest swing a chair at Iverson.  Simmons testified that Forrest then swung a chair at him.  He blocked the chair and punched Forrest.  He testified that he then moved away but remembered that he had bowling shoes on his feet.  Simmons said that he ran to return the bowling shoes.  He testified that after he got his shoes, he saw Forrest again and threw a chair which hit Forrest.  He said that he then left the bowling alley.

## II.

Code § 18.2-41 provides that "[a]ny and every person

composing a mob which shall maliciously or unlawfully shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disable, disfigure or kill him, shall be guilty of a Class 3 felony."  In addition, Code § 18.2-42 provides that "[a]ny and every person composing a mob which shall commit a simple assault or battery shall be guilty of a Class 1 misdemeanor."  Mob is defined as "[a]ny collection of people, assembled for the purpose and with the intention of committing an assault or a battery upon any person and without authority of law."  Code § 18.2-38.

The Commonwealth argues that the evidence proved that a mob had formed.  However, we need not decide this question because even if the evidence proved that some of the people in the bowling alley assembled in a manner to constitute a mob, no evidence proved that Simmons was a member of that mob.  Assuming arguendo that a mob had formed, the Commonwealth had the burden of proving beyond a reasonable doubt that Simmons "was a member of a mob that was assembled for the purpose and with the intention to commit an unlawful assault or battery."  Harrell v. Commonwealth, 11 Va. App. 1, 6, 396 S.E.2d 680, 682 (1990).

Reviewing the evidence in the light most favorable to the Commonwealth, the testimony proved that Simmons punched Forrest as Forrest and Iverson exchanged words.  Although Simmons contends that Forrest hit him first with a chair, that testimony is disputed.  Even if Simmons was at fault in the confrontation,

no evidence establishes that this confrontation was part of any mob action.

"Not every incidence of group violence or assaultive conduct which involves a number of people collectively involved in assaultive conduct constitutes a 'mob' assault and battery." Harrell v. Commonwealth, 11 Va. App. 1, 7, 396 S.E.2d 680, 683 (1990). If the evidence merely proved that individuals were "independently reacting adversely and violently" to a situation, the proof will not suffice to establish that the individuals were part of a mob. Id. at 10, 396 S.E.2d at 684.

Although a brawl ensued after the patrons of the bowling alley watched Iverson argue with Forrest and Simmons punch Forrest, no evidence proved that Simmons joined in any mob that may have formed. At best, the Commonwealth proved that Simmons hit Forrest and threw more than one chair. "There is no chain of circumstances establishing, 'to the exclusion of any other rational hypothesis and to a moral certainty,' that . . . [Simmons' conduct] was any more than an offense committed by one aggressive individual from among a boisterous crowd." Id. at 11, 396 S.E.2d at 685 (citation omitted).

Although the evidence would have been sufficient to prove individual assaultive conduct, it was insufficient to prove beyond a reasonable doubt that Simmons acted as a part of a mob. Therefore, the convictions are reversed and the case is remanded to the circuit court for such further action as the Commonwealth

may be advised.

Reversed and remanded.