COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


TERRY LEE MEADOWS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2953-96-3         CHIEF JUDGE NORMAN K. MOON
                                         OCTOBER 7, 1997
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF DICKENSON COUNTY
                   Donald A. McGlothlin, Jr., Judge

          Nancy C. Dickenson for appellant.

          Ruth Ann Morken, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          John H. McLees, Jr., Assistant Attorney
          General, on brief), for appellee.


     Terry Lee Meadows appeals his jury trial convictions of one

felony charge of maliciously or unlawfully wounding while a

member of a mob in violation of Code § 18.2-41 and two counts of

assault and battery while a member of a mob in violation of Code

§ 18.2-42.  Meadows asserts that: (1) the evidence was

insufficient to prove that the defendant was a member of a mob;

(2) the evidence was insufficient to prove the intent necessary

to support a conviction of malicious or unlawful wounding while a

member of a mob; and (3) the trial court erred in viewing the

evidence in the light most favorable to the Commonwealth when

ruling on the defendant's motion to strike.  We disagree and

affirm.

_____
        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

On May 9, 1993, Brian Standifur, his girlfriend, her sister, and her mother were picnicking in Breaks Interstate Park in Dickenson County. Standifur testified that Terry Meadows and several other men drove by the picnickers in a pickup truck, whistling and shouting at the women.

The codefendants drove by the Standifur party a second time, again whistling and shouting rude remarks. Standifur responded with an obscene gesture. The truck drove by the picnickers four more times. The truck stopped, and five of the men, including Meadows, approached Standifur. At least two of the men were holding open containers of beer. Standifur testified that he told them he did not want to fight, that they were drunk, and to leave him and the women alone.

One of the men told Standifur that he did not have to fight them all at once and then, according to Standifur and the women, he initiated a fight. The other men also began kicking and beating Standifur. Standifur, the women with him, and a witness who was picnicking nearby testified that the men beat Standifur, although they could not say with certainty which blows Meadows delivered. Meadows and his codefendants testified that Standifur instigated the fight.

Standifur's girlfriend's mother hit one of the attackers with a stick. One of the men took the stick from her and hit first her, then Standifur, with it. The men also hit the other two women. The men eventually began to walk away, but as the women helped Standifur to their car, Standifur yelled, "Five on

one is pretty good odds."  Another fight ensued.  Standifur
sustained a hematoma under his right eye, contusions, and blurred
vision, but no permanent injuries.

SUFFICIENCY OF THE EVIDENCE: MEMBER OF A MOB

Code § 18.2-38 defines a mob as "[a]ny collection of people,
assembled for the purpose and with the intention of committing an
assault or a battery upon any person and without authority of
law."  In Harrell v. Commonwealth, 11 Va. App. 1, 7, 396 S.E.2d
680, 683 (1990), this Court noted that "[t]he criteria which
distinguishes individual behavior while part of a group from
'mob' behavior is assembling for the specific purpose and with
the specific intent of committing an assault and battery upon any
person . . . .   [N]o particular words or express agreements are
required . . . ."  "Intent may, and most often must, be proven by
circumstantial evidence and the reasonable inferences to be drawn
from proven facts are within the province of the trier of fact."
 Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180,
183 (1991).

"On appeal, we review the evidence in the light most
favorable to the Commonwealth, granting to it all reasonable
inferences fairly deducible therefrom."  Martin v. Commonwealth,
4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  Standifur and
other witnesses for the Commonwealth testified that Meadows and
at least four other men approached Standifur, after taunting him,
and began physically attacking him.  "The weight which should be
given to evidence and whether the testimony of a witness is

- 3 -

credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Meadows was a member of a mob.

SUFFICIENCY OF THE EVIDENCE: INTENT TO MALICIOUSLY WOUND

To support a conviction for malicious wounding, the Commonwealth must prove that the victim's injuries were "inflicted maliciously and with the intent to maim, disfigure, disable or kill. The nature and extent of the bodily injury and the means by which accomplished may reflect this intent but are not exclusive factors." Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc). Intent must often be proven by circumstantial evidence and "[t]he finder of fact may infer that a person intends the natural and probable consequences of his acts." Id. at 484, 405 S.E.2d at 4.

The Commonwealth's evidence showed that Meadows and his companions attacked Standifur as a group, striking and kicking him on the back, neck, and head. The jury reasonably could have concluded that Meadows and his companions intended to cause him serious injury. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove Meadows' intent beyond a reasonable doubt.

STANDARD OF REVIEW FOR MOTIONS TO STRIKE: RULE 5A:18

Meadows also asserts that the standard of review changes on a motion to strike after the defendant has presented evidence.

- 4 -

This issue, however, is not before this Court because consideration of this question is precluded by Rule 5A:18. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Because the record does not show any obvious miscarriage of justice, neither the ends of justice nor good cause permit waiver of the Rule 5A:18 bar. Commonwealth v. Mounce, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Affirmed.