COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Lemons[*]
Argued at Alexandria, Virginia


SAEED SHEIKH
                                           OPINION BY
v.    Record No. 1951-98-4         JUDGE DONALD W. LEMONS
                                        MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Michael P. McWeeny, Judge

          Matthew W. Greene (Kevin E. Smith; Smith &
          Greene, P.L.L.C, on brief), for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Robert H. Anderson, III, Assistant Attorney
          General, on brief), for appellee.


     Saeed Sheikh appeals his conviction of malicious wounding

by mob action in violation of Code § 18.2-41, contending that

the Commonwealth's evidence was insufficient to prove he was a

member of a mob that killed David Albrecht.  We disagree and

affirm his conviction.

                      I.  <u>BACKGROUND</u>

     When reviewing a sufficiency of the evidence claim, we must

consider all of the evidence and reasonable inferences fairly

deducible therefrom in the light most favorable to the

---

     [*] Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

Commonwealth. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). A conviction will be affirmed unless it appears from the evidence that the lower court's judgment is plainly wrong or without evidence to support it. See Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982).

On February 26, 1998, John Metcalf, an eighteen-year-old student at Pimmit Hills High School in Fairfax County, and a friend beat Markie Bowen and Cham Choup at a convenience store. The next day, Friday, February 27, 1998, Michael Choup, Cham's brother, called appellant and his brother, Sadat Sheikh, and told them about the fight and that "two white guys" were responsible. Appellant and the Choups were all members of the TRG gang. Appellant was "one of the head guys" in the gang. Appellant and his brother then called several other gang members to beat Metcalf and his friend. The group assembled at the Choups' house where they planned an assault on Metcalf and his friend. They left the Choups' home together in appellant's brother's car and in a green Rodeo driven by Peter Hanvinched.

The gang members drove to Pimmit Hills High School looking for their intended victims. They wore blue bandannas over their faces and were armed with bats and sticks. Once they arrived at Pimmit Hills High School, Markie Bowen, one of the participants in the previous day's fight with Metcalf, ran out and told the gang members, "the guy's here, he's coming." Appellant got out

-

of his brother's car and into the back seat of the Rodeo behind the driver, Hanvinched.  Michael Choup was riding in the front passenger's seat and Markie Bowen got in next to appellant in the back and behind Choup.  Appellant told Michael Choup that when Metcalf came out, "We're going to bang him up."  Appellant planned to "jump out and start whipping his ass with the bat . . . ."

Metcalf came out of the school and got into seventeen-year-old David Albrecht's Monte Carlo.  Albrecht was a friend from school who agreed to give Metcalf a ride home. Metcalf had explained to Albrecht earlier that gang members might be looking to retaliate for the prior day's incident. When Metcalf saw the gang members in appellant's brother's car, wearing the bandannas, he and Albrecht drove from the high school to try and "lose them."  Only the Rodeo was able to keep up with Albrecht's car.  During the gang's pursuit of Metcalf and Albrecht, Michael Choup repeatedly said, "I'm going to kill this mother f-----, I'm going to kill him" and that he was going to "cap" Metcalf.  Appellant, in a later statement to Detective Robert Murphy, stated that he understood from Choup's statements that Choup had a "strap" or a gun.

At about 12:30 p.m., fifteen minutes after the cars left Pimmit Hills High School, Albrecht drove up to the back doors of George C. Marshall High School in Fairfax County so Metcalf could run into the back of the school.  Hanvinched pulled within

-

five feet of the passenger side of the Monte Carlo.  Choup pulled out a thirty-eight-inch pump rifle.  Hanvinched leaned back so Choup could get a clear shot.  Choup fired at least three times into the Monte Carlo.  Metcalf ducked down and was unharmed, but one of the shots fatally struck Albrecht on the right side of his head.  In his statement to the police, appellant said he knew Albrecht had been shot and that he told Choup, "You got your revenge now.  Let's get the f--- out of here."

On the evening of March 1, 1998, after listening to a taped statement given by Michael Choup that "implicated him by name," appellant gave a statement to Detective Robert Murphy of the Fairfax County Police Department describing his actions and those of his fellow gang members that culminated in Albrecht's killing.

## II.  <u>SUFFICIENCY OF THE EVIDENCE</u>

Sheikh does not dispute that a "mob" within the meaning of Code § 18.2-38 had formed for the purpose of physically assaulting Metcalf.  Additionally, Sheikh does not question the application of the transferred intent doctrine.  Rather, Sheikh maintains the evidence is insufficient to prove he was a member of the mob that killed Albrecht because he did not share Choup's intent to kill.

Code § 18.2-41 states:  "Any and every person composing a mob which shall maliciously or unlawfully shoot, stab, cut or

-

wound any person, or by any means cause him bodily injury with intent to maim, disable, disfigure or kill him, shall be guilty of a Class 3 felony."  Code § 18.2-38 defines "mob" as "any collection of people, assembled for the purpose and with the intention of committing an assault or a battery upon any person . . . ."  There is no requirement that the "mob" agree on the manner or nature of such assault or battery.

In Harrell v. Commonwealth, 11 Va. App. 1, 396 S.E.2d 680 (1990), we held that "[t]he statutory definition of a mob requires that the act of assembling be done for a specific purpose and with a specific intent--to commit an assault or a battery without lawful authority."  Id. at 6, 396 S.E.2d at 682. In Harrell, we decided that a mob had never, in fact, formed where a group of about twenty lingering party guests congregated outside a neighboring house.  See id. at 11, 396 S.E.2d at 684-85.  Thus, when one person committed a battery upon the party's host and his neighbor, "[t]here [was] no chain of circumstances establishing, . . . that after [the first victim] was struck the assault [on the second victim] was any more than an offense committed by one aggressive individual from among a boisterous crowd."  Id. at 11, 396 S.E.2d at 685.  Accordingly, we found the evidence insufficient to convict under a mob action theory.

The evidence here, however, proved that the purpose of appellant's meeting with other gang members was to assault

-

Metcalf.  There is no dispute as to the intentions of the group. Appellant, in his statement to Detective Murphy, said, "we talked out a plan saying we were going to go up there and jump this guy, . . . .  We were going to jump them, you know, beat the s--- out of them, f--- their faces up and s--- because they f---ed my boy's face up.  Then we went up there."  Appellant himself planned to "jump out and start whipping [Metcalf's] ass with the bat . . . ."  The evidence proved beyond a reasonable doubt that Sheikh intended to physically assault Metcalf and joined a mob that shared the same intent.  Appellant knew that Choup had a rifle and knew of Choup's repeated statements of intent to kill or "cap" Metcalf.

Finding the evidence sufficient to sustain the verdict, we affirm appellant's conviction.

<u>Affirmed.</u>

-