COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Richmond, Virginia


DERRICK C. TUCKER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1288-02-2          JUDGE SAM W. COLEMAN III
                                         JUNE 17, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                  Leslie M. Osborn, Judge

          Buddy A. Ward, Public Defender, for
          appellant.

          Eugene Murphy, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Derrick C. Tucker ("appellant") appeals his bench trial

convictions for burglary and petit larceny.  He contends the trial

court erred by finding the evidence sufficient to support his

convictions.  For the reasons that follow, we disagree and affirm

his convictions.

                         BACKGROUND

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved Michele Tucker ("Tucker") left her home at approximately 11:15 p.m. on July 24, 2000 to go to work. She secured the premises when she left and did not return until 9:00 a.m. the following morning. Upon her return, she discovered her house had been broken into through the front door. Her jewelry and a compact disc player were missing from the residence.

Tasha Rosser testified she was at the home of her aunt, Wynetta Jones, on the night of the burglary. Jones lived next door to Tucker. Rosser heard a noise coming from Tucker's house during the night. She explained it sounded "like somebody had . . . pushed on the door or something." She reported the sound to Jones, who told her Tucker was away for the night. Ten or fifteen minutes later Rosser looked out the window and saw appellant "coming from over there," meaning from the direction of Tucker's home next to her aunt's. She also saw a wire or cord dangling from appellant's pocket. Appellant looked up, saw Rosser looking at him, and cursed. He pushed the cord deeper into his pocket, mounted his bicycle, and rode from the scene.

David Byrd spoke to appellant the day after the burglary. Appellant denied involvement in the burglary and stated he had been at his mother's house down the street the previous night.

-

Later, appellant told the police he was at his girlfriend's house twenty-five miles away on the night of the burglary.

ANALYSIS

"When a conviction is based upon circumstantial evidence, such evidence 'is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Hollins v. Commonwealth, 19 Va. App. 223, 229, 450 S.E.2d 397, 400 (1994) (citation omitted). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Rosser reported she heard a loud banging noise at Tucker's house. She described the noise as sounding like someone beating a drum. Tucker was away from home at the time Rosser heard the noise. Shortly thereafter, Rosser saw appellant walking away from Tucker's residence with an electrical cord dangling from his person. Tucker testified that a compact disc player had been stolen from her house. Appellant walked to and mounted a bicycle from next to Jones' house. When he saw Rosser observing him, he cursed aloud. Appellant provided inconsistent statements regarding his whereabouts on the night of the burglary.

-

The trial court reasonably concluded appellant was causing the banging noise and entered Tucker's residence. Furthermore, the court reasonably inferred that the electrical cord hanging from appellant's pocket belonged to the compact disc player stolen from Tucker's residence. Appellant's reaction upon seeing Rosser observing him leaving the burglary scene indicates a consciousness of guilt. Additionally, appellant gave inconsistent alibis. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of burglary and petit larceny.

Accordingly, we affirm appellant's convictions.

Affirmed.

Benton, J., dissenting.

To convict Derrick C. Tucker of burglary, the Commonwealth must prove he broke and entered the dwelling house in the nighttime with intent to commit a felony or any larceny in the house. See Code § 18.2-89. To convict him of petit larceny, the Commonwealth must prove he took and carried away goods and chattels of value less than $200 with the intent to permanently deprive the owner of possession. See Code § 18.2-96; Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977). Because the circumstantial evidence failed to establish appellant committed either burglary or petit larceny, I dissent.

In a criminal case, where the quantum of proof must be beyond a reasonable doubt, the imperative to secure convictions free of speculation, surmise, and conjecture is constitutionally based. See In re Winship, 397 U.S. 358 (1970). Thus, although "[i]nconsistencies and contradictions in statements made by an accused may support an inference of guilty knowledge and raise a suspicion of guilt, . . . convictions may not rest upon suspicion." Hyde v. Commonwealth, 217 Va. 950, 954, 234 S.E.2d 74, 77 (1977). Indeed, it is well established that "[e]ven when the contradictions are material and sufficiently significant to elevate suspicion to the level of probability, they do not relieve the Commonwealth of the burden of producing evidence

-

which establishes guilt beyond a reasonable doubt."  Id. at 954, 234 S.E.2d at 77-78.

> All necessary circumstances proved must be consistent with guilt and inconsistent with innocence.  It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt.  To accomplish that the chain of circumstances must be unbroken and the evidence as a whole must be sufficient to satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other reasonable hypothesis and to a moral certainty.

Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).

The evidence established that Michele Tucker locked the doors and windows of her residence when she left for work at 11:15 p.m.  Returning at 9:00 a.m. the next morning, she discovered that her front door had been "busted in."  The intruder took jewelry, a few of her daughter's things, and a compact disc walkman; the intruder also consumed food and beer from the refrigerator.  Tucker informed the investigating officer that she had noticed two neighborhood boys, not appellant, in the area when she went to work.

Tasha Rosser, a teenager who was "staying" at her aunt's house adjacent to Tucker's residence, testified that appellant and a few friends were at her aunt's house on the night of the incident.  About half an hour after appellant and the others

-

left, Rosser "heard a noise coming from over there."  She characterized the noise as "a loud drum sound."  Ten or fifteen minutes after hearing the sound, Rosser looked out a window and saw appellant.  When she first saw appellant, he was "between the two houses" and near a "light pole" that was thirty feet from Tucker's residence.  Appellant was walking to his bicycle, which was parked beside the window.  She also saw "a cord or something" dangling from his pocket.  As appellant approached his bicycle, he "said the S word," pushed "whatever was in his pocket" into the pocket, and left on his bicycle.

The day after the incident, appellant told Tucker and Tucker's male friend that he had been at his own home, which is less than a mile away from Tucker's residence.  He denied breaking into the residence.  When questioned a week later, appellant again denied involvement in the burglary but told the investigating officer he was at his girlfriend's house.

The Commonwealth's hypothesis of guilt is no more likely than a hypothesis of innocence.  The Commonwealth's evidence proved only that ten to fifteen minutes after Rosser heard a drum-like loud noise she saw Tucker walking to his bicycle.  She did not see him walk toward her aunt's house from Tucker's residence.  Instead, she testified that she saw him near a light pole that was in between the two houses.  Rosser then heard Tucker cuss and saw him push a cord into his pocket before

-

leaving on his bicycle.  She never saw appellant at Tucker's residence.

No one saw appellant break into the residence.  No one saw him inside Tucker's residence.  Moreover, no fingerprint evidence was produced to prove he had been inside the residence.  Furthermore, no evidence proved appellant had any of the stolen items.  Even though Rosser saw "a cord or something" dangling from his pocket, the trier of fact had to speculate that the cord belonged to the stolen walkman.

While the majority interprets cussing and pushing something inside a pocket as evidence of consciousness of guilt, Rosser clearly testified that appellant was not looking at her when he cursed.  The evidence does not establish why appellant cursed or that he knew someone was observing him.  Rosser's testimony that he "looked like he knew somebody was looking" was a sheer conjecture.  The evidence equally supports the hypothesis that appellant said the "S word" and pushed a cord into his pocket in preparation to ride his bicycle.  In short, the evidence in the record is simply insufficient to prove appellant's involvement beyond a reasonable doubt.

"Whenever the evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt."  Sutphin v.

-

Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985). Thus, where the evidence "'is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates'" the accused. Harrell v. Commonwealth, 11 Va. App. 1, 11, 396 S.E.2d 680, 685 (1990) (quoting Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969)).

The evidence proved appellant had been at Rosser's aunt's house with other teenagers that night. After congregating there with his friends, appellant approached his bicycle, which was near a window of Rosser's aunt's house. Because he lived in the neighborhood, his presence was not unusual or incriminating. Moreover, no evidence indicates the noise Rosser heard was related to the break-in. Indeed, the time of the burglary was established only in a general way between 11:00 p.m. and 9:00 a.m.

The evidence that connects appellant to the burglary is far too tenuous to support a finding of guilt. Simply put, the evidence is insufficient to prove appellant committed the burglary and petit larceny because the Commonwealth failed to exclude every reasonable hypothesis save that of guilt. For these reasons, I would reverse the convictions and dismiss the indictments.

-