## Richmond

### ROBERT BRUCE CRAIG v. COMMON-
### WEALTH OF VIRGINIA.

October 14, 1974.

Record No. 740042.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*John N. McCune,* for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The issue here is the sufficiency of the evidence to sustain the conviction of Robert Bruce Craig of possessing a controlled drug, marijuana, in violation of Code § 54-524.101:2.

On June 7, 1973, Virginia State Trooper W. J. Whitehurst and County Jailer Ronald Cromer were conducting a traffic check in Warren County on Virginia State Highway #604, near where it intersects Highway #671. The officers began the check about 8:30 P. M. and were so engaged at 9:15 P. M. when they observed defendant's truck approaching. It had just rounded a curve and was approximately 300 feet away. They noticed that Craig, who was driving the vehicle, reduced his speed, pulled to the left side of the road and then accelerated and pulled back to the right before proceeding to the checkpoint.

Whitehurst and Cromer testified that, while the truck was on the left side of the road about 100 feet from them, they heard a

sound "like something sliding along the pavement". After Craig stopped, Cromer walked down the road approximately 100 feet and found sitting upright on the dirt shoulder, just off the paved surface of the highway, a paper bag 8 inches wide, 5¼ inches deep and 10½ inches high. The bag contained 17 plastic bags of marijuana weighing a total of 419.4 grams. Cromer testified that when he and Whitehurst were initially en route to set up the checkpoint he observed a "red paper Schlitz Beer six-pack container" on the left side of the road about a foot from where he later found the brown paper bag. Neither Whitehurst nor Cromer observed the brown bag at any time until after the arrival of defendant.

Craig denied ever having the bag or throwing it out of his vehicle. He testified that it was dark; that when he rounded the curve he saw flashlights ahead; that he applied the brakes and attempted to get the truck into second gear; and that this caused the truck to pull to the left. Cromer testified that he drove the truck after Craig's arrest and, although he did experience difficulty in shifting gears, noticed no defect in the brakes.

The Commonwealth must establish the guilt of the accused beyond a reasonable doubt. No one saw Craig in possession of the marijuana, so the Commonwealth must rely on circumstantial evidence to sustain the conviction. While a conviction may properly be based upon circumstantial evidence, suspicion or even probability of guilt is not sufficient. There must be an unbroken chain of circumstances establishing the guilt of Craig to the exclusion of any other rational hypothesis and to a moral certainty. The evidence here does not meet that standard.

The Commonwealth's witnesses testified that, prior to the arrival of defendant's truck, approximately ten other vehicles had been checked, and there may have been as many as three vehicles stopped at the checkpoint at the same time.

It was dark when Craig approached the checkpoint, and neither officer saw the bag thrown from defendant's truck. No fingerprints were taken from the plastic bags found within the paper bag, and significantly this brown bag showed no scratches, tears or scrape marks, even though it is alleged to have scraped along the road making sufficient noise to have been heard 100 feet away.

It is the theory of the Commonwealth that the defendant rid himself of the paper bag containing the marijuana when the truck pulled to the left side of the road. However, at that point defendant would have then been near the left edge or left shoulder of the road, and there would have been little space or distance on the road for the bag to have traveled making the scraping sound. It can be argued that the bag would most likely have landed on the shoulder if thrown from the left side of the road and from that side of the truck, and would not have caused a scraping noise.

Numerous other vehicles had approached the checkpoint prior to defendant's arrival. The drivers of these vehicles, assuming they possessed illegal drugs, would have had the same motive and the same opportunity, as did the defendant, to rid themselves of the drugs.

There also exists the possibility that the bag was present prior to the time of the traffic check. While it was not observed by Whitehurst and Cromer, the mission of these officers was not related to drug traffic, but to vehicular traffic, and the presence or absence of a brown paper bag along a public highway would not normally have attracted their attention.

In essence, the only concrete evidence against the defendant is a "scraping noise" heard by officers and believed by them to have emanated coincidentally with the presence of defendant's truck at or near a place where a bag of marijuana was subsequently found.

Although the facts and circumstances create a suspicion that the marijuana was thrown from defendant's truck, the evidence is not sufficient to overcome the presumption of innocence with which the defendant is clothed, and it does not exclude all reasonable conclusions inconsistent with that of his guilt.

The judgment of the lower court is reversed, and the warrant is dismissed.

*Reversed and dismissed.*