COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


TREMAYNE ORTEZE POWELL
                                            OPINION BY
v.        Record No. 0545-97-3     JUDGE SAM W. COLEMAN III
                                           APRIL 21, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Richard S. Miller, Judge

            Philip B. Baker (Joseph A. Sanzone
            Associates, P.C., on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Richard Cullen, Attorney General, on
            brief), for appellee.


     Tremayne Orteze Powell appeals his bench trial conviction

for possession of marijuana and possession of cocaine.  He

contends:  (1) the trial court erred by denying his motion to

suppress marijuana discovered in a search incident to an unlawful

arrest, and (2) the evidence is insufficient to prove he

possessed cocaine.  We disagree and affirm the convictions.

                        I.   BACKGROUND

     City of Lynchburg Police Officers Kevin Hollyfield, J.P.

Stokes, and another officer were patrolling in an unmarked

vehicle in a high crime area also known to be an open-air drug

market.  Hollyfield observed appellant and two other men sitting

on a low wall, approximately eighteen inches high, facing the

street with their backs to a parking lot.  The two men were

sitting approximately three feet from the appellant.  Hollyfield

saw appellant place his left hand, which was clenched in a fist, behind his back, keeping his hand close to his body as he placed it behind him. When appellant brought his hand back in front, Hollyfield saw that it was unclenched. Neither of the other two men made any motions with their hands. Hollyfield alerted the other officers, and they pulled their vehicle up to the curb where appellant was sitting.

Appellant stood up and began to walk away as Hollyfield exited the car. Stokes walked over to the wall and found a small brown paper bag containing crack cocaine lying on the ground directly below the spot where appellant had been sitting. Stokes testified that the bag of drugs was lying six to twelve inches "underneath" where appellant's "left thigh" had been when he was sitting on the wall. Stokes also testified that there was no debris within the immediate area where he found the drugs. Stokes did not field test the substance, but, based upon his training and experience in investigating nearly two hundred cocaine cases, he testified that it had the appearance of cocaine. Stokes alerted Hollyfield that he had found cocaine behind the wall where appellant had been sitting, and Hollyfield arrested appellant. Upon searching appellant incident to the arrest, Hollyfield discovered a marijuana cigarette in appellant's right front shirt pocket.

## II. SEARCH INCIDENT TO ARREST

Appellant contends the marijuana was seized pursuant to an

unlawful arrest because the officers lacked probable cause to arrest him for possessing the cocaine.  His contention is without merit.

"[T]he test of constitutional validity [of a warrantless arrest and incidental search] is whether, at the moment of arrest, the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed."  Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970) (citing Brinegar v. United States, 338 U.S. 160 (1949)).  To establish probable cause, the Commonwealth must show "'a probability or substantial chance of criminal activity, not an actual showing'" that a crime was committed.  Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)).  "In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control."  Hollis v. Commonwealth, 216 Va. 874, 876-77, 233 S.E.2d 887, 889 (1976) (citation omitted).  The issue of whether probable cause existed to make a warrantless search involves questions of both law and fact and is reviewed de novo on appeal.  See McGhee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 116 S. Ct. 1657, 1659 (1996)).

In this case, Hollyfield observed appellant, who was sitting in an area known to be an open-air drug market, make a furtive hand gesture, as if discarding something from a clenched fist, then stand up and walk away as the officers approached. Stokes found a bag on the ground immediately behind where appellant had been sitting and recognized the contents as having the appearance of crack cocaine. He alerted Hollyfield that he had found cocaine. Under the circumstances, it was reasonable for Stokes, drawing upon his training and experience, to conclude that the substance was probably cocaine and for Hollyfield, based on Stokes' communication that he found cocaine and his own observation of appellant's conduct, to determine that appellant probably possessed the cocaine before dropping it behind the wall when the officers approached. Accordingly, we find that Hollyfield had probable cause to arrest appellant for possession of cocaine and that the marijuana was legally seized in a search pursuant to a lawful arrest.

### III. SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The present case is factually similar to <u>Collins v. Commonwealth</u>, 13 Va. App. 177, 409 S.E.2d 175 (1991). In

Collins, police officers approached the defendant as he sat sidesaddle in the front seat of his car in a dimly lit parking lot. Id. at 178, 409 S.E.2d at 175. Upon seeing the officers, Collins got up from his car and "made a throwing motion under the vehicle with his right arm." Id. Immediately thereafter, an officer illuminated the area under the car with a flashlight and discovered a plastic baggie of cocaine. Id. No other items were found beneath the vehicle. Id. Despite the fact that the record contained no evidence that the officers saw any contraband or other object leave Collins' hand, we held that the evidence was sufficient to support the trial court's finding that Collins threw the drugs under the car. Id. at 179-80, 409 S.E.2d at 176. We found Collins' argument unpersuasive "that the cocaine might have already been under his car," noting that the drugs were "something of significant value and not something that one is likely to have abandoned or carelessly left in the area there." Id. at 180, 409 S.E.2d at 176. Accordingly, we found the evidence sufficient to prove that Collins constructively possessed the cocaine found under his vehicle. Id.

Here, as in Collins, the circumstantial evidence is sufficient to prove that appellant possessed the cocaine. Hollyfield testified that appellant placed his clenched left hand behind his back and that the hand was unclenched when he returned it back in front of him. Appellant's suspicious hand movement and the fact that cocaine was found precisely where the appellant

would have dropped an object from his left hand behind his back, support the inference that appellant possessed the bag of cocaine and discarded it on the ground behind him when the officers approached.

The facts in Gordon v. Commonwealth, 212 Va. 298, 183 S.E.2d 735 (1971), are distinguishable from the facts in this case. There, a police officer approached Gordon on a busy, public street while the latter carried a small, manila envelope. Id. at 299, 183 S.E.2d at 736. Gordon left the street and ran down several narrow passageways abutting the street. Id. As the officer chased Gordon through the passageways, the officer momentarily lost sight of Gordon on a couple of occasions. Id. When the officer eventually captured him, Gordon was no longer carrying the envelope. Id. Another officer arrived on the scene and found a small, manila envelope lying near one of the passageways on a grass plot separated from the public street by a perforated wall. Id. at 300, 183 S.E.2d at 736. At trial, the officer "conceded that he did not see Gordon dispose of the envelope." Id. at 299, 183 S.E.2d at 736 (emphasis added). No evidence established that Gordon made any sort of throwing or dropping motion during his flight. See id. The Supreme Court reversed the conviction, holding that there was a "fatal gap in the circumstantial evidence adduced against Gordon." Id. at 301, 183 S.E.2d at 737. Because "[n]o witness was produced who saw Gordon dispose of the manila envelope which he carried," id. at

- 6 -

300-01, 183 S.E.2d at 737, the evidence failed to exhibit an "unbroken chain of circumstances" proving "to the exclusion of any other rational hypothesis" that Gordon possessed the drugs in the envelope that was found.  Id. at 300, 183 S.E.2d at 737 (citation omitted).  Although highly suspicious because the officers found an envelope that was similar in size, color, and shape to the one that Gordon had earlier possessed, the evidence did not prove that Gordon had discarded the envelope or where he may have done so.  The Court found that the officer could have reasonably recovered another manila envelope left by one of the several persons gathered along the public street.  Id. at 301, 183 S.E.2d at 737.  Accordingly, the Court concluded that "there was a break in the chain of evidence" which rendered the evidence insufficient to prove beyond a reasonable doubt that Gordon possessed the drugs and paraphernalia.  Id. at 300-01, 183 S.E.2d at 737.

In the present case, unlike as in Gordon, there is no "break in the chain of [the] evidence."  Hollyfield observed appellant place his clenched hand behind his back and bring his open hand back to his front.  Upon learning of Hollyfield's observation, Stokes immediately walked to the wall and found the bag of drugs directly below where appellant had been sitting.  Thus, there was no "fatal gap" in the officers' observing appellant's hand gesture as if discarding an object from a clenched fist and the officer finding the bag of drugs directly behind where appellant

- 7 -

was sitting.  Accordingly, we cannot say the trial court's conclusion that appellant possessed the cocaine was plainly wrong or without evidence to support it.

For these reasons, we affirm the convictions.

<u>Affirmed.</u>

Benton, J., dissenting.

The principle is well established that whenever "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). Thus, the Supreme Court has ruled that "circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty . . . [because the] actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain . . . [a] conviction." Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

Although no evidence in this case proved that Tremayne Powell ever possessed the bag of cocaine found behind the wall, the majority infers from the circumstances that Powell must have placed it there. The majority draws that inference even though the police officer testified that he did not see anything in Powell's hand. The officer merely suspected that Powell's closed hand contained something. The lack of evidence proving that Powell possessed any item in his hand is a "fatal gap in the circumstantial evidence," Gordon v. Commonwealth, 212 Va. 298, 301, 183 S.E.2d 735, 737 (1971), and manifestly establishes that the evidence in this case was insufficient to prove beyond a

- 9 -

reasonable doubt that Powell ever possessed the bag of cocaine found behind the wall.

The majority asserts that the facts in Gordon are distinguishable from the facts in this case. I agree. Indeed, the facts in Gordon are more inculpatory than the facts in this case. In Gordon, a police officer saw the accused retrieve "a brownish color, manila color envelope" from between bushes and a concrete fence. Id. at 299, 183 S.E.2d at 736. After the accused began to run, the officer chased him and saw that he was still carrying the envelope. During the chase, the accused discarded the envelope. While the officer was capturing and arresting the accused, another officer found an envelope on the route of the chase. The arresting officer testified that the envelope "was the 'same color, size and shape' as the envelope which he had seen [the accused] pick up [and hold]." Id. at 300, 183 S.E.2d at 736. Although the arresting officer saw the accused retrieve and run with an envelope that was the "same color, size and shape" as the envelope that contained the drugs, the Supreme Court held that the trier of fact impermissibly drew an inference that the accused had disposed of the envelope that was recovered. Id. See also Craig v. Commonwealth, 215 Va. 260, 262, 208 S.E.2d 744, 746 (1974) (holding that an officer's suspicion that a bag of marijuana was thrown from a truck when the truck stopped at the bag's location was "not sufficient to . . . exclude all reasonable conclusions inconsistent with . . .

- 10 -

guilt").

The evidence in this case is more speculative. From a distance of a half block, a police officer saw Powell and two other men sitting on a wall at the intersection of two streets. The two men were sitting to the left of Powell. Although the officer testified that Powell moved his closed left hand behind his back, the officer saw no object in Powell's hand. Powell denied that the cocaine was his or that he put it behind the wall. The police officer exited his vehicle, told the two men who had been on the wall with Powell to leave, and did not question them.

The only evidence offered by the Commonwealth that did not require the trier of fact to speculate, conjecture, or surmise while assessing Powell's guilt or innocence was evidence of opportunity. Yet, it is well established that "mere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to sustain a conviction.'" Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (quoting Simmons v. Commonwealth, 208 Va. 778, 783, 160 S.E.2d 569, 573 (1968)). "Suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986). "[E]ven probability of guilt is not sufficient" to support a conviction. Gordon, 212 Va. at 300, 183 S.E.2d at 737. The two

men sitting on the wall beside Powell, "assuming they possessed illegal drugs, would have had the same motive and the same opportunity, as did [Powell], to rid themselves of the drugs" by placing them behind the wall. Craig, 215 Va. at 262, 208 S.E.2d at 745.

Furthermore, where, as here, the evidence "'is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates [the accused].'" Harrell v. Commonwealth, 11 Va. App. 1, 11, 396 S.E.2d 680, 685 (1990) (quoting Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969)). The officer who detained Powell testified that the corner where the three men were sitting on the wall was an "open air drug market." Thus, a reasonable hypothesis flows from the evidence that someone other than Powell placed the bag of cocaine on the ground behind the wall. "There . . . exists the possibility that the bag was present [on the ground] prior to the time" the officers arrived. Craig, 215 Va. at 262, 208 S.E.2d at 745. Certainly, the evidence does not establish the innocence of the two other men who also were sitting on the wall within three feet of the bag of cocaine in an area known to be an "open air drug market." This evidence falls short of proving beyond a reasonable doubt that the drugs found behind the wall were ever actually or constructively possessed by Powell. "Whenever the evidence leaves indifferent which of

several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt."  Sutphin v. Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985).

The majority's reliance on Collins v. Commonwealth, 13 Va. App. 177, 409 S.E.2d 175 (1991), cannot overcome the deficiency of proof that is demonstrable under the Gordon standard.  The Collins decision fails to address Gordon's holding.  Moreover, for the reasons I have previously stated in Collins, see 13 Va. App. at 180-81, 409 S.E.2d at 176-77 (Benton, J., dissenting), I believe that decision was wrongly decided.  In addition, if Collins must be distinguished, the absence of evidence in Collins proving that the accused was in an "open air drug market" and in the presence of other people is sufficient to distinguish the Collins decision.

Because this conviction is impermissibly based on speculation and conjecture, see Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977), it should be reversed.  I dissent.