BENTON, Judge,
dissenting.
The principle is well established that whenever “a conviction is based on circumstantial evidence, ‘all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.’ ” Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). Thus, the Supreme Court has ruled that “circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty ... [because the] actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain ... [a] conviction.” Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).
Although no evidence in this case proved that Tremayne Powell ever possessed the bag of cocaine found behind the wall, the majority infers from the circumstances that Powell *181 must have placed it there. The majority draws that inference even though the police officer testified that he did not see anything in Powell’s hand. The officer merely suspected that Powell’s closed hand contained something. The lack of evidence proving that Powell possessed any item in his hand is a “fatal gap in the circumstantial evidence,” Gordon v. Commonwealth, 212 Va. 298, 301, 183 S.E.2d 735, 737 (1971), and manifestly establishes that the evidence in this case was insufficient to prove beyond a reasonable doubt that Powell ever possessed the bag of cocaine found behind the wall.
The majority asserts that the facts in Gordon are distinguishable from the facts in this case. I agree. Indeed, the facts in Gordon are more inculpatory than the facts in this case. In Gordon, a police officer saw the accused retrieve “a brownish color, manila color envelope” from between bushes and a concrete fence. Id. at 299,183 S.E.2d at 736. After the accused began to run, the officer chased him and saw that he was still carrying the envelope. During the chase, the accused discarded the envelope. While the officer was capturing and arresting the accused, another officer found an envelope on the route of the chase. The arresting officer testified that the envelope “was the ‘same color, size and shape’ as the envelope which he had seen [the accused] pick up [and hold].” Id. at 300, 183 S.E.2d at 736. Although the arresting officer saw the accused retrieve and run with an envelope that was the “same color, size and shape” as the envelope that contained the drugs, the Supreme Court held that the trier of fact impermissibly drew an inference that the accused had disposed of the envelope that was recovered. Id. See also Craig v. Commonwealth, 215 Va. 260, 262, 208 S.E.2d 744, 746 (1974) (holding that an officer’s suspicion that a bag of marijuana was thrown from a truck when the truck stopped at the bag’s location was “not sufficient to ... exclude all reasonable conclusions inconsistent with ... guilt”).
The evidence in this case is more speculative. From a distance of a half block, a police officer saw Powell and two other men sitting on a wall at the intersection of two streets. The two men were sitting to the left of Powell. Although the *182 officer testified that Powell moved his closed left hand behind his back, the officer saw no object in Powell’s hand. Powell denied that the cocaine was his or that he put it behind the wall. The police officer exited his vehicle, told the two men who had been on the wall with Powell to leave, and did not question them.
The only evidence offered by the Commonwealth that did not require the trier of fact to speculate, conjecture, or surmise while assessing Powell’s guilt or innocence was evidence of opportunity. Yet, it is well established that “mere opportunity to commit an offense raises only ‘the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to sustain a conviction.’ ” Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (quoting Simmons v. Commonwealth, 208 Va. 778, 783, 160 S.E.2d 569, 573 (1968)). “Suspicious circumstances, including proximity to a controlled drug,, are insufficient to support a conviction.” Behrens v. Commonwealth, 3 Va.App. 131, 135, 348 S.E.2d 430, 432 (1986). “[E]ven probability of guilt is not sufficient” to support a conviction. Gordon, 212 Va. at 300, 183 S.E.2d at 737. The two men sitting on the wall beside Powell, “assuming they possessed illegal drugs, would have had the same motive and the same opportunity, as did [Powell], to rid themselves of the drugs” by placing them behind the wall. Craig, 215 Va. at 262, 208 S.E.2d at 745.
Furthermore, where, as here, the evidence “ ‘is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates [the accused].’ ” Harrell v. Commonwealth, 11 Va.App. 1, 11, 396 S.E.2d 680, 685 (1990) (quoting Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969)). The officer who detained Powell testified that the corner where the three men were sitting on the wall was an “open air drug market.” Thus, a reasonable hypothesis flows from the evidence that someone other than Powell placed the bag of cocaine on the ground behind the wall. “There ... exists the possibility that the bag was present [on the ground] prior to the’ time” the *183 officers arrived. Craig, 215 Va. at 262, 208 S.E.2d at 745. Certainly, the evidence does not establish the innocence of the two other men who also were sitting on the wall within three feet of the bag of cocaine in an area known to be an “open air drug market.” This evidence falls short of proving beyond a reasonable doubt that the drugs found behind the wall were ever actually or constructively possessed by Powell. “Whenever the evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt.” Sutphin v. Commonwealth, 1 Va.App. 241, 248, 337 S.E.2d 897, 900 (1985).
The majority’s reliance on Collins v. Commonwealth, 13 Va.App. 177, 409 S.E.2d 175 (1991), cannot overcome the deficiency of proof that is demonstrable under the Gordon standard. The Collins decision fails to address Gordon’s holding. Moreover, for the reasons I have previously stated in Collins, see 13 Va.App. at 180-81, 409 S.E.2d at 176-77 (Benton, J., dissenting), I believe that decision was wrongly decided. In addition, if Collins must be distinguished, the absence of evidence in Collins proving that the accused was in an “open air drug market” and in the presence of other people is sufficient to distinguish the Collins decision.
Because this conviction is impermissibly based on speculation and conjecture, see Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977), it should be reversed. I dissent.