COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Frank
Argued at Alexandria, Virginia


MOHAMED SOLEIMAN MUSTAMANDI
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0715-99-4      JUDGE ROSEMARIE ANNUNZIATA
                                        JUNE 27, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Benjamin N. A. Kendrick, Judge

          Stephen D. Halfhill (Allred, Bacon,
          Halfhill, Landau & Young, P.C., on brief),
          for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     Appellant, Mohamed Soleiman Mustamandi, appeals his

conviction for robbery on the sole ground that the evidence was

insufficient to sustain the finding of guilt beyond a reasonable

doubt.  For the reasons stated in this opinion, we reverse the

conviction.

                              FACTS

     On appeal, the Court views the evidence in the light most

favorable to the Commonwealth, the party prevailing below.  See

Taylor v. Commonwealth, 31 Va. App. 54, 64, 521 S.E.2d 293, 298

(1999) (en banc).  On June 15, 1997, Emebet Lizzanu was robbed

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

at gun-point by two men.  Mustamandi was subsequently indicted for one count of robbery, one count of the use of a firearm in the commission of robbery, and one count of conspiracy to commit robbery.

Lizzanu testified that at approximately 8:30 p.m. on the date in question, she observed a car follow her into the parking lot of her apartment complex.  After she parked, the other car passed her, turned around and came back towards her.  Lizzanu exited her car and began walking towards her apartment while the other car backed into a parking space between her and the apartment building.  She saw two men talking to someone in a white van, and as she approached her apartment she saw the same two men standing next to the parked car with both car doors open.

As she walked past the car, she heard someone behind her say, "excuse me, ma'am."  She turned around and saw the two men who had been standing near the parked car, one of whom pointed a gun at her and demanded her purse.  The other man stood a few feet behind her as she handed her purse to the gunman. Lizzanu's purse contained several items, including the faceplate to her car stereo.  After the robbery, both men told Lizzanu not to shout, but to "just go home," and she ran to her apartment.

Mustamandi admitted he was at Lizzanu's apartment complex at the time of the robbery.  He claimed he was there trying to

reach a friend who lived in the apartment complex.  He also stated that two of the men accompanying him, named Mauricio and Mario, left his car and disappeared for some period of time, and that upon their return they told Mustamandi to hurry out of the lot.  He stated that he learned of the robbery at that time.

Later that evening, Mustamandi and three or four other men came into the Domino's pizza restaurant in Arlington, where Mustamandi was then employed, to get pizza.  By his own admission, Mustamandi went to the restaurant with these men after being at Lizzanu's apartment complex at the time of the robbery.  He and the others discussed the robbery and sorted through Lizzanu's purse.

The faceplate to Lizzanu's car stereo was found in Mustamandi's car, and Lizzanu's purse was found in the dumpster behind the Domino's pizza restaurant.  Prior to trial, Lizzanu failed to identify Mustamandi at an identification session held in the front lobby of the Alexandria police department.  Lizzanu had a difficult time recalling the details of the robbery because of her frightened state of mind; however, she identified Mustamandi at trial as one of the perpetrators of the robbery, stating he was the individual with the gun.  She also stated she recognized Mustamandi's voice.  She described the two robbers as "probably Spanish" because they were neither white nor black, and she noted that the gunman had an accent that was "possibly"

Spanish, but that the second man spoke "pretty good English." While she could not remember the type of hair or haircut the gunman had, and denied he had the beard that Mustamandi presented at trial, Lizzanu testified that she remembered Mustamandi's face as that of the robber she saw.

Following a bench trial held on February 17, 1999, Mustamandi was found guilty of robbery as a principal in the second degree, but the court dismissed the charges of conspiracy to commit the robbery and use of a firearm in the commission of robbery. The court noted specifically that it believed Mustamandi was the individual who stood behind Lizzanu during the robbery.

Mustamandi contends that because Lizzanu testified that Mustamandi was the man standing <u>in front of her</u>, pointing the gun at her and robbing her of her purse, and never described the individual who stood behind her, the evidence was insufficient to sustain the conviction.

<u>ANALYSIS</u>

When a defendant challenges the sufficiency of the evidence on appeal, the reviewing court must accord the judgment of the trial court sitting without a jury the same weight as a jury verdict. See <u>Commonwealth v. Taylor</u>, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998); <u>Beck v. Commonwealth</u>, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986). It is the appellate court's

- 4 -

duty to examine the evidence that tends to support the conviction and to permit it to stand unless it is plainly wrong or without evidentiary support.  See Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998); Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998).

"While a conviction of guilt may properly be based upon circumstantial evidence, suspicion or even probability of guilt is not sufficient.  There must be an unbroken chain of circumstances establishing the guilt of [the defendant] to the exclusion of any other rational hypothesis and to a moral certainty."  Craig v. Commonwealth, 215 Va. 260, 261, 208 S.E.2d 744, 745 (1974).  "Suspicious circumstances . . . are not proof of guilt sufficient to support a verdict of guilty."  Burchette v. Commonwealth, 15 Va. App. 432, 438-39, 425 S.E.2d 81, 86 (1992) (citation omitted); see Nelson v. Commonwealth, 12 Va. App. 268, 271, 403 S.E.2d 384, 386 (1991) ("[A] suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction.").  "Proof by circumstantial evidence is not sufficient if it engenders only a suspicion or even a probability of guilt.  Conviction cannot rest upon conjecture.  All necessary circumstances proved must be consistent with guilt and inconsistent with innocence . . . ."  Haskins v. Commonwealth, 31 Va. App. 145, 151, 521 S.E.2d 777, 779 (1999) (citations omitted).

Applying these principles of law to the evidence before us, we hold the trier of fact had no evidence before it upon which it could conclude that Mustamandi was the man who stood behind Lizzanu during the robbery. Mustamandi admitted being present in the parking lot of Lizzanu's apartment complex at the time of the robbery, and to going through her purse at the Domino's pizza restaurant afterward with his companions, whom he alleges committed the crime. Lizzanu identified Mustamandi as one of the two robbers. Although direct evidence consisting of in-court identification of the perpetrator is sufficient to establish identity, see Floyd v. Commonwealth, 31 Va. App. 193, 198-99, 522 S.E.2d 382, 384-85 (1999), the trial court, as finder of fact, disbelieved Lizzanu's identification of Mustamandi as the gunman. The court found instead that Mustamandi was the man standing behind Lizzanu during the robbery, despite Lizzanu's inability to identify that individual and the absence of any other evidence identifying that person.

Although the facts admitted by Mustamandi provide circumstantial evidence that he might have participated in the robbery, neither they, the presence of Lizzanu's stereo face plate in Mustamandi's car, nor the evidence provided by Lizzanu establish beyond a reasonable doubt that Mustamandi committed the crime. Other than Lizzanu's identification of Mustamandi as the gunman, which the court disbelieved, the only direct

evidence offered in her testimony possibly establishing Mustamandi's involvement in the robbery was her assertion that she recognized his voice.  However, she described the gunman's accent as "possibly Spanish," and noted that the second robber spoke "pretty good English."  Neither of these statements affirmatively identifies Mustamandi, who is of Afghani heritage. Because "[s]uspicious circumstances . . . are not proof of guilt sufficient to support a verdict of guilty," Burchette, 15 Va. App. at 438-39, 425 S.E.2d at 86, and because "[t]here must be an unbroken chain of circumstances establishing the guilt of [the defendant] to the exclusion of any other rational hypothesis," Craig, 215 Va. at 261, 208 S.E.2d at 745, we conclude that the Commonwealth failed to adduce evidence that proved beyond a reasonable doubt that Mustamandi was present when Lizzanu was robbed and committed the crime as a principal in the second degree.

Thus, for the reasons stated, we reverse the decision of the trial court.

Reversed.